UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.A.-M.,

        Plaintiff,

  v.

ALBERTO GONZALES, et al.,

        Defendants.

CASE NO. C05-2012C

ORDER

This matter comes before the Court on Plaintiff's sealed motion for a temporary restraining order (Dkt. No. 5). Having carefully considered the memoranda, declarations, and exhibits filed by the parties, as well as oral argument by the parties at a hearing held on the date of this Order, the Court GRANTS Plaintiff's motion for the following reasons.

**I.**     **Statutory Framework**

Plaintiff seeks an order restraining the Department of Homeland Security's Bureau of Immigration and Customs Enforcement ("ICE") from exercising its discretion to block the first step in Plaintiff's efforts to acquire "Special Immigrant Juvenile" ("SIJ") status, as provided in section 101(a)(27)(J) of the Immigration and Nationality Act ("INA"). That statute sets forth a four-step process by which a minor alien may achieve SIJ status and then be deemed a lawful permanent resident. *See* 8 U.S.C.

ORDER – 1

§ 1101(a)(27)(J). *First*, the alien must request—and ICE must consent[1] to—a dependency hearing before a state juvenile court. *Second*, the juvenile court must make a finding that the immigrant is eligible for long-term foster care based on abuse, neglect, or abandonment in his home country. *Third*, the immigrant must show, via a separate administrative or judicial proceeding, that it would not be in his best interests to return to his parent's last country of residence. *Finally*, the Secretary of DHS (presumably through ICE) must consent to a final determination of SIJ status. *See* 8 U.S.C. § 1101(a)(27)(J). Plaintiff's motion is focused on the first of these four hurdles: whether ICE abused its discretion by withholding consent for the state juvenile court to make a threshold determination of Plaintiff's eligibility for long-term foster care. *Id.* § 1101(a)(27)(J)(iii)(I).

## II.  Procedural History

Against this statutory backdrop, the relevant procedural facts in this matter are not in dispute. Plaintiff is a seventeen-year-old Mexican immigrant currently in ICE custody at a facility in Tacoma, Washington. (Bell Decl. Ex. E, at 3 [hereinafter "ICE Letter"].) On September 7, 2005, Plaintiff submitted a request to ICE to request the agency's consent to a dependency hearing in Pierce County Juvenile Court. (Bell Decl. Ex. A.) Under state law, Plaintiff will be ineligible for a dependency finding after his eighteenth birthday, which is on December 17, 2005. (Bell Decl. Ex. A, at 5.) Accordingly, Plaintiff notified ICE of the need to expedite his request to allow sufficient time to complete the dependency hearing before his birthday. (*Id.* 1.) Plaintiff based his request on parental abuse he allegedly suffered in Mexico. Specifically, he alleges that his father frequently beat him from the age of 5, using belts, cords, horsewhips, and tree branches. (*Id.* 1–2.) He further alleges that his mother once placed his hands on a hot stove burner, and that both parents generally neglected to provide basic medical care, withdrew him from school at age 13, and subjected him to constant emotional abuse. (*Id.*)

---

[1] The authority to evaluate Plaintiff's request was delegated from the ICE Regional Director to John J. Pogash, ICE's National Juvenile Coordinator. (*See* ICE Letter 8.)

ORDER – 2

Despite frequent calls by Plaintiff's counsel to ICE requesting an expedited decision, no decision was received until December 1, 2005, approximately two weeks before Plaintiff's birthday.  The letter from the ICE Juvenile Program Director relied on a number of factors in withholding consent to state juvenile court jurisdiction.  First, the letter cited Plaintiff's alleged failure in his early interactions with ICE to mention a fear of returning to his parents in Mexico. (ICE Letter 5.)  The letter also discounted an "independent psychological evaluation" submitted by an advocacy group finding that Plaintiff had physical scars and psychological indicators of abuse. (*Id.* 6.)  The director found that evaluation "self-serving" and in conflict with the notes of Plaintiff's immigration case workers. (*Id.*)  ICE made a further credibility determination by noting that although Plaintiff claimed that he feared his parents and had cut off contact, he apparently had made telephone calls to them from custody. (*Id.* 7.)  Finally, ICE claimed that Plaintiff had admitted in previous interviews that he was a member of the "Mara Salvatrucha 13" street gang. (*Id.* 7–8.)

Thus, without ever having spoken to Plaintiff on any occasion, the director concluded that Plaintiff appeared to be "seeking SIJ consent primarily for the purpose of obtaining lawful immigrant status, rather than for the purpose of obtaining relief from abuse or neglect," and accordingly, withheld consent for juvenile court jurisdiction. (*Id.* 8.)

Because state law requires advance notice to Plaintiff's parents before conducting a dependency hearing and making any findings, *see* WASH. REV. CODE 13.34.110, Plaintiff seeks immediate injunctive relief compelling ICE to consent to state juvenile court jurisdiction.  Before applying the balancing test for injunctive relief, however, the Court must determine whether it has jurisdiction to hear Plaintiff's motion.

### III.   Jurisdiction to Review ICE's Discretionary Decision

This Court's review of the ICE's decision withholding consent is governed by the Administrative Procedures Act, which provides for comprehensive review of such decisions.  Specifically, Plaintiff seeks judicial review to set aside "agency action, findings, and conclusions" alleged to be "arbitrary, capricious,

ORDER – 3

an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). ICE responds that because INA section 101(a)(27)(J) commits to its exclusive discretion the decision to consent to juvenile court jurisdiction—in essence, to render it the "gatekeeper" to the state juvenile system—this Court is precluded by 5 U.S.C. § 701(a)(2) from reviewing its decision. (Opp'n 17–18.) In fact, the Supreme Court has explained that the jurisdictional bar to review of discretionary agency action is "very narrow" and subject to a broad presumption in favor of reviewability. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971). The bar to judicial review applies only "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply." *Id.*

Plaintiff argues that, notwithstanding the broad discretionary language in section 101(a)(27)(J), ICE's discretion has been circumscribed by an internal memorandum, dated July 1999, by Thomas Cook, then-acting assistant commissioner of the INS. (Mot. 7.) As explained by a Third Circuit panel addressing similar issues as here, the Cook Memorandum provides that "when the [SIJ] applicant is in INS custody, the consent [to juvenile court jurisdiction] should be given if doing so serve[s] the best interests of the child, and if the child would be eligible for [SIJ] classification." *M.B. v. Quarantillo*, 301 F.3d 109, 113 (3d Cir. 2002). This Court would not be the first to find that the Cook Memorandum provides a sufficient standard by which to judge the agency's exercise of discretion. *See id.*; *Yeboah v. I.N.S.*, No. 01-CV-3337, 2001 WL 1319544, at *4–5 (E.D. Pa. Oct. 26, 2001). In line with those cases, the Court finds that the Cook Memorandum does provide "a meaningful standard against which to judge the agency's exercise of discretion," *Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 868 (9th Cir. 2003). The Court, therefore, will exercise jurisdiction to hear Plaintiff's request for injunctive relief.

### IV.    Plaintiff's Entitlement to Injunctive Relief

Although Plaintiff captions his motion as a request for a temporary restraining order under Rule 65(b), the relief requested is not intended to maintain the *status quo ante* pending further court action. Rather, Plaintiff's request is in the nature of a mandatory injunction: he asks the Court to compel

ORDER – 4

ICE to acquiesce to state juvenile court despite the agency's written decision to withhold that consent. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). Such injunctions are not favored, and should be denied unless the facts and law clearly favor awarding the injunction. *Id.* Thus, the Court must determine whether the facts and law clearly favor Plaintiff's assertion that ICE abused its discretion by withholding consent to state juvenile court jurisdiction.

On the present record, the Court finds that the ICE Juvenile Program Director abused his discretion and acted arbitrarily and capriciously by (1) making extensive, dispositive credibility findings without having engaged Plaintiff in so much as a telephone conversation, and (2) failing sufficiently to expedite Plaintiff's request and thereby rendering more meaningful judicial review unavailable. Although the Cook Memorandum clearly assigns authority (in this case, to ICE) to determine at the outset whether a juvenile hearing would serve the best interests of the applicant, the Court finds no justification for such a finding here based solely on alleged discrepancies in the written record—discrepancies that Plaintiff's counsel asserts could have been resolved during a brief interview, had ICE taken the short amount of time required for such a step. Indeed, issues such as the veracity of Plaintiff's statements regarding the abuse, his ongoing relationship with his parents, and his gang affiliation proved dispositive in this matter. And although ICE had nearly three months to investigate those issues, it found that a juvenile dependency proceeding would *not* be in Plaintiff's best interests based on unexplored and unconfirmed inconsistencies in the paper record. Nor do these suspect credibility determinations provide any substantial basis for finding that Plaintiff would not meet the statutory requirements for SIJ status.

In addition, ICE made its determination on such a late date that there are literally hours left before judicial review will prove meaningless. Plaintiff's counsel asserts, and the government does not dispute, that ICE did not begin reviewing Plaintiff's request until six weeks after it was filed and slipped past its stated deadline of November 28, all despite repeated calls from counsel to emphasize the time-sensitive nature of Plaintiff's predicament. (*See* Bell Decl. ¶¶ 5–9.) Nor does the government dispute that unless Plaintiff files his papers in state juvenile court this afternoon, notice and procedural requirements will

ORDER – 5

effectively preclude relief before his eighteenth birthday.  Under these admittedly extraordinary circumstances, the Court finds that the facts and law clearly favor Plaintiff's request for injunctive relief.

The Court concludes that both the cursory nature of ICE's investigation into dispositive credibility issues and the eleventh-hour timing of its letter constitute arbitrary and capricious conduct and an abuse of its discretion as circumscribed by the Cook Memorandum.[2]

## IV. Appropriate Remedy

A remand to ICE for reconsideration is clearly an insufficient remedy here.  Unless Plaintiff files his state papers this afternoon, he will be unable to satisfy the notice requirement regarding his parents in Mexico and still complete the hearing before his eighteenth birthday on December 17.  Under these circumstances, there is no meaningful remedy available but to order ICE to consent immediately to the juvenile court's jurisdiction.

Accordingly, the Court GRANTS Plaintiff's motion for injunctive relief.  The Regional Director of the Bureau of Immigration and Customs Enforcement is hereby ORDERED to consent, pursuant to 8 U.S.C. § 1101(a)(27)(J)(iii)(I), to the jurisdiction of the Pierce County Juvenile Court to conduct Plaintiff's dependency hearing.

SO ORDERED this 6th day of December, 2005.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Nothing in this Order affects the final step in the statutory SIJ process, that is, ICE's discretion to accept or deny a valid juvenile-court dependency order as a basis for final SIJ status.  *See* 8 U.S.C. § 1101(a)(27)(J)(iii).

ORDER – 6